Terry R. Rottler Ste. Genevieve County Prosecuting Attorney 296 Market Street Ste. Genevieve, Missouri 63670
Dear Mr. Rottler:
This opinion letter is in response to your question asking:
 We seek interpretation of Section 57.430 as recently amended by Senate Bill Number 250 approved by the 86th General Assembly and the Governor. . . . The question to be determined can be expressed in two parts. Number one, does the statute permit the County Commission to pay the sheriffs and their deputies less than 25 cents per mile for the mileage incurred in serving warrants or any other criminal process? Secondly, if that is the case, is the determination of actual and necessary expenses controlled by the itemized statement set forth in subsection 2 of 57.430. Or, in other words, if the deputy or sheriff says these expenses have been incurred and they were necessary for the course of and carrying out of his or her duties, does that make it "actual and necessary"?
Section 57.430, RSMo Supp. 1991, provides in part:
 57.430. Mileage — maximum amount — computed how — statement to be filed, contents (third and fourth class counties). — 1. In addition to the salary provided in sections 57.390 and 57.400, the county commission shall allow the sheriffs and their deputies, payable at the end of each month out of the county treasury, actual and necessary expenses for each mile traveled in serving warrants or any other criminal process not to exceed twenty-five cents per mile, and actual expenses not to exceed twenty-five cents per mile for each mile traveled, the maximum amount allowable to be four hundred dollars during any one calendar month in the performance of their official duties in connection with the investigation of persons accused of or convicted of a criminal offense. The county commission may allow an additional two hundred dollars during any one calendar month for these same official duties. When mileage is allowed, it shall be computed from the place where court is usually held, and when court is usually held at one or more places, such mileage shall be computed from the place from which the sheriff or deputy sheriff travels in performing any service. When two or more persons who are summoned, subpoenaed, or served with any process, writ, or notice, in the same action, live in the same general direction, mileage shall be allowed only for summoning, subpoenaing or serving of the most remote. [Emphasis added.]
* * *
We believe your first question is answered by Missouri Attorney General Opinion Letter No. 65-91, a copy of which is enclosed, in which we stated that in addition to Section 57.430, "it is necessary to consider also Sections 50.333.11 and57.350". Opinion Letter No. 65-91, p. 5.
 Section 50.333.11, RSMo Supp. 199[1], provides in pertinent part: "[o]ther provisions of law notwithstanding, in every instance where an officer or employee of any county is paid a mileage allowance or reimbursement, the county commission shall allow or reimburse such officers or employees out of the county treasury at the highest rate paid to any county officer . . . ." [Emphasis added.] The term "notwithstanding" has been held to mean "in spite of" or "regardless of". Missouri Pacific Railroad Company v. Rental Storage Transit Company, 524 S.W.2d 898, 908 (Mo.App. 1975). The word "every" is all comprehensive. State ex rel. Randolph County v. Walden, 357 Mo. 167, 206 S.W.2d 979, 983 (banc 1947). Therefore, mileage for sheriffs and their deputies for duties relating to criminal cases should be reimbursed "at the highest rate paid to any county officer."
Opinion Letter No. 65-91, pp. 5-6.
Section 57.350, RSMo Supp. 1991, provides:
 57.350. Mileage expenses allowed. — 1. The sheriff may, in an emergency or when he deems it essential for the performance of the official duties of his office, permit the use of personally owned motor vehicles by members of his department, but only when no county owned vehicles are available. When such use is authorized, members of the department using their own motor vehicles shall be reimbursed out of the county treasury twenty-five cents for each mile actually and necessarily traveled in the performance of their official duties as prescribed by subsection 2 of this section. [Emphasis added.]
* * *
In considering all of these statutes together, we conclude the sheriff and his deputies are entitled to mileage reimbursement in the amount of twenty-five cents per mile pursuant to Section 57.430 when personal automobiles are used in criminal law enforcement activities. Section 57.350 provides for mileage reimbursement for duties in civil cases of twenty-five cents per mile. Section 50.333.11 provides for mileage reimbursement for county officers and employees at the highest rate paid to any county officer. Therefore, the mileage reimbursement pursuant to Section 57.430 shall also be at the rate of twenty-five cents per mile.
Because of our answer to your first question, we do not address your second question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 65-91